McCORD, Judge.
This is an appeal from a final judgment entered upon grant of the motion of appel-lees (defendants below) for judgment on the pleadings. By their complaint, appellants sought an injunction, based upon restrictive covenants in appellee’s deed, to require appellees to remove an out building from their lot. Appellees without filing an answer then filed their motion for judgment on the pleadings.
The allegations of the complaint show that appellant, formerly Henbree National Corporation, as owner of all of the lots in Carriage Hills Subdivision in Pensacola, Florida, executed and recorded certain restrictive covenants concerning the use of the lots. Appellees thereafter purchased a lot where they now reside in Carriage Hills Subdivision subject to the restrictions. Appellees have erected a metal storage/utility building on their lot which is not used as a residence or garage. Appellant requested appellees to remove the building on the ground that it was in violation of the restrictive covenants. In entering judgment on the pleadings, the trial court ruled that judgment should be granted to appellees “based on the pleadings and the wording of paragraph 4 of the restrictive covenants.” The portion of the restrictive covenants which are pertinent to a determination of this case are paragraphs 1, 2 and 4. Paragraph 3 relates only to the composition of the Architectural Control Committee. Paragraphs 1, 2 and 4 are as follows:
“1. No lot shall be used except for residential purposes. No building shall be erected, altered, placed or permitted to remain on any lot other than one detached single-family dwelling not to exceed two stories in height and a private garage for not more than two cars.
2. No building shall be erected, placed or altered on any lot until the construction plans and specifications and a plan showing the location of the structure have been approved by the Architectural Control Committee as to quality of workmanship and materials, harmony of external design with existing structures and location with respect to topography and finished grade elevation.
* * * * * *
4. The Committee’s approval or disapproval as required in these covenants shall be in writing. In the event the Committee, or its designated representative, fails to approve or disapprove within 30 days after plans and specifications have been submitted to it or, in any event, if no suit to enjoin the construction has been commenced prior to its completion, approval will not be required and the related covenants shall be deemed to have been complied with fully.”
From the complaint, it appears that no plans, specifications or request for approval of the out building was submitted by ap-pellees to the Architectural Control Committee. The trial court, in basing its ruling upon paragraph 4, evidently considered that approval of the Architectural Committee was not required and all covenants were deemed to have been complied with fully since no suit to enjoin construction was commenced by appellant prior to the completion of the out building.
It is clear that paragraph 1 above absolutely prohibits the erection or placing of any building on any lot other than one detached single-family dwelling, etc. Paragraphs 2 and 4 relate only to approval by the Architectural Control Committee of a permitted type of building and the remedy should the committee fail to act. The trial judge apparently construed the words “or, in any event” in paragraph 4 to relate to both paragraphs 4 and 1 and would thereby allow a prohibited type of building to be erected or placed on a lot if the owner *289 could erect it or place it on the lot before an injunction suit could be commenced. Such words, however, can logically be applied only to paragraph 4. This is true because paragraph 1 not only prohibits the erection or placing of a prohibited type of building on the lot, but it specifically states that no such prohibited building shall be “permitted to remain on any lot” (emphasis supplied). These words obviously negate any construction that an injunction suit must be brought before a building of a type prohibited by paragraph 1 is completed.
In addition, the trial court apparently felt that even a nonconforming out building could be placed on the lot if (1) plans for it were presented to the Architectural Control Committee and it did not disapprove of its erection within 30 days, or (2) no suit for injunction was filed prior to completion of such a non-conforming building. The trial court’s ruling overlooks the fact that a pre-assembled tool house can be placed upon a piece of property within a matter of minutes. It would thwart the meaning and intent of the restrictions placed on the subdivision if the placement of such a building could be prevented only by filing an action for injunction prior to such placement. Such a construction of these restrictions should not be favored over another more reasonable interpretation.
Reversed for further appropriate proceedings.
BOYER, J., concurs.
SPECTOR, Acting C. J., dissents.